Grant M. Meisels (GM 4289)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Attorneys for Defendants
HERTZ VEHICLES LLC and
HONG C. LEE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JIM BLOCK,

                          Plaintiff(s),              Index No. 12 CIV 0676

     -against-

HERTZ VEHICLES LLC and HONG C. LEE       **AMENDED NOTICE OF REMOVAL**

                        Defendant(s).

----------------------------------------------------------------X

      **PLEASE TAKE NOTICE** on this date, defendants, HERTZ VEHICLES LLC and HONG C. LEE, by their undersigned counsel, RUBIN, FIORELLA & FRIEDMAN LLP, have filed an Amended Notice of Removal pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446 and the Court Order of U.S.D.C. Allison J. Nathan dated February 21, 2012, in the office of the Clerk of the United States District Court for the Southern District of New York. Said defendants, HERTZ VEHICLES LLC and HONG C. LEE, show:

      1.     Plaintiff, JIM BLOCK, commenced this action against defendants in the Supreme Court of the State of New York, County of New York, by service of a Summons and Verified Complaint dated December 16, 2011. A true copy of plaintiff's Summons with Verified

Complaint is annexed hereto as Exhibit "A".

2. The Summons and Verified Complaint was delivered to defendants, HERTZ VEHICLES LLC and HONG C. LEE, on or about January 5, 2012.

3. Plaintiff, JIM BLOCK, alleges in the Verified Complaint that he is a resident of Baltimore, Maryland.

4. Defendant, HERTZ VEHICLES LLC is, and at all times relevant was, a corporation, incorporated in the State of Delaware, with its principal place of business in New Jersey.

5. The two (2) members of defendant, HERTZ VEHICLES LLC, are Hertz General Interest LLC and Hertz Vehicle Financing LLC.

6. Hertz General Interest LLC is, and at all times relevant, was a corporation incorporated in the State of Delaware with its principal place of business in New Jersey.

7. Hertz Vehicle Financing LLC is, and at all times relevant, was a corporation incorporated in the State of Delaware with its principal place of business in New Jersey.

8. Defendant, HONG C. LEE, is and at all times relevant, was a resident of Little Ferry, New Jersey.

9. The allegations contained in plaintiff's Summons and Verified Complaint pertain to an alleged motor vehicle accident that took place on December 9, 2011 on Madison Avenue and East 58th Street, New York, New York. *See* Exhibit "A"

10. The jurisdiction over the subject matter of this action is conferred upon this Court by 28 U.S.C. §1332, Diversity of Citizenship, in that plaintiff is a citizen of the State of Maryland, defendant, HERTZ VEHICLES LLC, is a Delaware corporation and defendant, HONG C. LEE, is a resident of the State of New Jersey. Further, plaintiff's demand exceeds the sum or value of $75,000.00 exclusive of interest and costs. See Exhibit "A."

11. The original Notice of Removal was filed with this Court within thirty days of Defendants, HERTZ VEHICLES LLC and HONG C. LEE's, receipt, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon such action or proceeding as provided by 28 U.S.C. 1446(b).

12. The instant Amended Notice of Removal has been served upon plaintiff in accordance with the Court Order of February 21, 2012.

13. Defendants HERTZ VEHICLES LLC and HONG C. LEE, hereby remove this action to the United States District Court for the Southern District of New York.

14. After filing of the Amended Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Amended Notice of Removal will be given by the attorney for plaintiff, as provided by law, and a copy of the Amended Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

15. Defendants, HERTZ VEHICLES LLC and HONG C. LEE, have good and sufficient defenses to this action.

16. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Defendants, HERTZ VEHICLES LLC and HONG C. LEE, , give Amended Notice of Removal of this case to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 29, 2012

                                      RUBIN, FIORELLA & FRIEDMAN LLP
                                      Attorneys for DEFENDANTS HERTZ VEHICLES
                                      LLC and HONG C. LEE

                                      By: _____
                                          Grant M. Meisels (GM 4289)
                                      292 Madison Avenue
                                      New York, New York 10016
                                      (212) 953-2381
                                      Our File : 383-21875

TO:   BADER YAKAITIS & NONNENMACHER, LLP
       Attorneys for Plaintiff
       Empire State Building
       350 Fifth Avenue
       Suite 7210
       New York, New York 10118
       (212) 465-1110

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

JIM BLOCK

                              Plaintiff(s),

-against-

HERTZ VEHICLES LLC AND HONG C. LEE

                              Defendant(s).
-------------------------------------------------------X

Index No.: 114193/11
Date Purchased
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
CPLR 503(a)

Plaintiff resides at:
1207 Malvern Avenue
Baltiore, MD 21204
County of

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     NEW YORK, NEW YORK
              December 16, 2011

JEFFREY W. BADER
BADER YAKAITIS & NONNENMACHER, LLP
Attorneys for Plaintiff JIM BLOCK
Empire State Building
350 Fifth Avenue
Suite 7210
New York, New York 10118
(212) 465-1110

TO:   HERTZ VEHICLES LLC
       900 Doremus Avenue
       Port Newark, NJ 07114

       HONG C. LEE
       779 Shetland Lane
       Ridgefield, NJ 07657

NEW YORK
COUNTY CLERK'S OFFICE

DEC 19 2011

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
JIM BLOCK

       Plaintiff(s),

   -against-

HERTZ VEHICLES LLC AND HONG C. LEE

       Defendant(s).
-------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

  Plaintiff, by his attorneys, BADER YAKAITIS & NONNENMACHER, LLP, complaining of the Defendants, respectfully alleges, upon information and belief:

  1. That this action is brought pursuant to the provisions of the New York State Comprehensive Automobile Insurance Reparations Act and plaintiff has complied with all of the Conditions thereof.

  2. That plaintiff has sustained serious injury as defined in Sec. 5102, Subdivision D of the insurance Law of the State of New York.

  3. That by reason of the foregoing, plaintiff is entitled to recover for non-economic losses as are not included within the definition of "basic economic loss: as Set forth in Sec. 5102, Subdivision A of the Insurance Law.

  4. That plaintiff is a "covered person" as defined in Sec. 5102, Subdivision A of the Insurance Law.

  5. At all times herein mentioned, and on December 9, 2011, Defendant HERTZ VEHICLES LLC was the owner of a motor vehicle bearing New York State license plate

1

number FMN4928.

6. At all times herein mentioned, and on December 9, 2011, defendant HONG C. LEE was the operator of a motor vehicle bearing New York Sate license plate number FMN4928.

7. At all times herein mentioned, and on December 9, 2011, Defendant HONG C. LEE operated the aforesaid motor vehicle with the permission and consent of the owner thereof.

8. At all times herein mentioned, and on December 9, 2011, Defendant HONG C. LEE operated the aforesaid motor vehicle upon the business of the owner thereof.

9. That on December 9, 2011, Madison Avenue and East 58th Street, New York, NY were public thoroughfares.

10. That on December 9, 2011, Defendant HONG C. LEE operated and controlled said motor vehicle bearing NY license plate number FMN4928, at or about the aforementioned location.

11. That on December 9, 2011, Plaintiff JIM BLOCK was a lawful pedestrian at the aforementioned location.

12. That on December 9, 2011 at the aforementioned location, defendants' motor vehicle came into contact with and struck the Plaintiff.

13. That as a result of the aforesaid contact, Plaintiff JIM BLOCK was injured.\

14. That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle and the conduct of the defendants as aforesaid was wanton, willful and with conscious disregard for the rights, safety and wellbeing of the plaintiff and others similarly situated.

15. Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

16. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

17. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

18. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the plaintiff's damages.

19. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

20. That by reason of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

18. Plaintiff herewith demands a trial by jury.

WHEREFORE, Plaintiff JIM BLOCK demands judgment including compensatory

damages against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated: New York, New York
December 16, 2011

Yours, etc.

JEFFREY W. BADER
BADER YAKAITIS & NONNENMACHER, LLP
Attorneys for Plaintiff JIM BLOCK
Empire State Building
350 Fifth Avenue, Suite 7210
New York, New York 10118
(212) 465-1110
Our File No. 120911

4

## ATTORNEY'S VERIFICATION

JEFFREY W. BADER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at BADER YAKAITIS & NONNENMACHER, LLP, attorneys of record for Plaintiff(s), Jim Block. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED: New York, New York
December 16, 2011

JEFFREY W. BADER

5

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

        LORNA HANCLE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Rosedale, New York.

        That on the 29th day of February, 2012, deponent served the within Amended Notice of Removal upon:

> BADER YAKAITIS & NONNENMACHER, LLP
> Attorneys for Plaintiff
> Empire State Building
> 350 Fifth Avenue
> Suite 7210
> New York, New York 10118
> (212) 465-1110

in this action at the address designated by said attorney for that purpose by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
LORNA HANCLE

Sworn to before me this
29th day of February 2012

_____
Notary Public

Carolyn Davila
Notary Public State of New York
No. 01DA6031367
Qualified in Kings County
Commission Expires September 27, 2013